UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| TARA LANESE GLASS, <br><br> Plaintiff, <br> v. <br><br> CAMDEN COUNTY CORRECTIONAL FACILITY, <br><br> Defendant. | HONORABLE JEROME B. SIMANDLE <br><br> Civil Action <br> No. 16-cv-06486 (JBS-AMD) <br><br> **OPINION** |

APPEARANCES:

Tara Lanese Glass, Plaintiff Pro Se
419 Siegfried Avenue
Chesilhurst, NJ 08089

**SIMANDLE, Chief District Judge:**

1. Plaintiff Tara Lanese Glass seeks to bring an amended civil rights complaint pursuant to 42 U.S.C. § 1983 against the Camden County Correctional Facility ("CCCF"). Amended Complaint, Docket Entry 9. On January 18, 2017, Plaintiff's original complaint was dismissed without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii) and Plaintiff was granted leave to amend the complaint within thirty days. Docket Entry 8. Plaintiff filed an amended complaint on March 23, 2017.

2. Section 1915(e)(2) requires a court to review complaints prior to service in cases in which a plaintiff is proceeding *in forma pauperis*. The Court must *sua sponte* dismiss

any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

3. For the reasons set forth below, and for substantially similar reasons as those set forth in this Court's prior Opinion (Docket Entry 7), the Court will dismiss the amended complaint without prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii).

4. To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

5. Plaintiff brings this action pursuant to 42 U.S.C. § 1983[1] for alleged violations of Plaintiff's constitutional rights. In order to set forth a *prima facie* case under § 1983, a plaintiff must show: "(1) a person deprived him of a federal right; and (2) the person who deprived him of that right acted under color of state or territorial law." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995) (citing *Gomez v. Toledo,* 446 U.S. 635, 640 (1980)).

6. Generally, for purposes of actions under § 1983, "[t]he term 'persons' includes local and state officers acting under color of state law." *Carver v. Foerster*, 102 F.3d 96, 99 (3d Cir. 1996) (citing *Hafer v. Melo,* 502 U.S. 21 (1991)).[2] To say that a person was "acting under color of state law" means that the defendant in a § 1983 action "exercised power [that the defendant] possessed by virtue of state law and made possible only because the wrongdoer [was] clothed with the authority of

---

[1] Section 1983 provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ." 42 U.S.C. § 1983.

[2] "Person" is not strictly limited to individuals who are state and local government employees, however. For example, municipalities and other local government units, such as counties, also are considered "persons" for purposes of § 1983. *See Monell v. N.Y.C. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978).

3

state law." *West v. Atkins*, 487 U.S. 42, 49 (1988) (citation omitted). Generally, then, "a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." *Id.* at 50.

7. Because Plaintiff has not sufficiently alleged that a "person" deprived her of a federal right, the amended complaint does not meet the standards necessary to set forth a *prima facie* case under § 1983. In the amended complaint (as was the case in the original complaint), Plaintiff seeks monetary damages from CCCF for allegedly unconstitutional conditions of confinement. The CCCF, however, is not a "person" within the meaning of § 1983; therefore, as the Court previously stated, the claims against it must be dismissed with prejudice. *See Crawford v. McMillian*, 660 F. App'x 113, 116 (3d Cir. 2016) ("[T]he prison is not an entity subject to suit under 42 U.S.C. § 1983.") (citing *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973)). Because the claims against the CCCF must be dismissed with prejudice, the claims may not proceed and Plaintiff may not name the CCCF as a defendant.

8. Plaintiff may be able to amend the complaint to name a person or persons who were personally involved in the alleged unconstitutional conditions of confinement, however. To that end, the Court shall grant Plaintiff leave to amend the

complaint one final time within 30 days of the date of this order.

9.  Because the amended complaint does not correct the deficiencies contained in the original complaint, Plaintiff is again advised that the amended complaint must plead sufficient facts to support a reasonable inference that a constitutional violation has occurred in order to survive this Court's review under § 1915. Regarding the dates or time periods giving rise to Plaintiff's claims, Plaintiff states, "Unknown – check with the facility."[3] Am. Complaint § III. Plaintiff states: "I was locked up in the Camden County Jail and had to sleep on the hard floor also striped [sic] searched by a correctional officer. I was told to strip, take a cold shower with lice medicine." *Id.* Even accepting these amended statements as true for screening purposes only, there is still not enough factual support for the Court to infer a constitutional violation has occurred.

---

[3] Plaintiff is reminded that even though *pro se* pleadings are construed liberally and given the benefit of all reasonable inferences, Plaintiff still bears the burden of supplying the facts of her claim. *See, e.g.*, *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) ("*pro se* litigants still must allege sufficient facts in their complaints to support a claim"). It is not for the Court to investigate the facts of Plaintiff's claim given that "[d]istrict judges have no obligation to act as counsel or paralegal to *pro se* litigants." *Pliler v. Ford*, 542 U.S. 225, 231 (2004).

10. As the Court previously explained, the mere fact that an individual is lodged temporarily in a cell with more persons than its intended design does not rise to the level of a constitutional violation. *See Rhodes v. Chapman*, 452 U.S. 337, 348–50 (1981) (holding double-celling by itself did not violate Eighth Amendment); *Carson v. Mulvihill*, 488 F. App'x 554, 560 (3d Cir. 2012) ("[M]ere double-bunking does not constitute punishment, because there is no 'one man, one cell principle lurking in the Due Process Clause of the Fifth Amendment.'" (quoting *Bell v. Wolfish*, 441 U.S. 520, 542 (1979))). More is needed to demonstrate that such crowded conditions, for a pretrial detainee, shocks the conscience and thus violates due process rights. *See Hubbard v. Taylor*, 538 F.3d 229, 233 (3d Cir. 2008) (noting due process analysis requires courts to consider whether the totality of the conditions "cause[s] inmates to endure such genuine privations and hardship over an extended period of time, that the adverse conditions become excessive in relation to the purposes assigned to them."). Some relevant factors are the dates and length of the confinement(s), whether Plaintiff was a pretrial detainee or convicted prisoner, etc.

11. Moreover, Plaintiff has not sufficiently alleged a Fourth Amendment violation for an improper strip search. Under the Fourth Amendment, inmates have a limited right of bodily

privacy "subject to reasonable intrusions necessitated by the prison setting." *Parkell v. Danberg*, 833 F.3d 313, 325 (3d Cir. 2016). This right is very narrow, however. *Id.* at 326.

12. "The test of reasonableness under the Fourth Amendment . . . requires a balancing of the need for the particular search against the invasion of personal rights that the search entails. Courts must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." *Bell v. Wolfish*, 441 U.S. 520, 559 (1979). A prisoner search policy is constitutional if it strikes a reasonable balance between the inmate's privacy and the needs of the institution. *Parkell*, 833 F.3d at 326 (citing *Florence v. Bd. of Chosen Freeholders of Cty. of Burlington*, 132 S. Ct. 1510, 1515, 1517 (2012)).

13. Plaintiff's allegations that she was "striped [sic] searched by a correctional officer" and that she was "told to strip, take a cold shower with lice medicine" are insufficient to state a claim for relief. In the absence of further facts regarding the circumstances of the search,[4] the claim cannot

---

[4] The complaint is also not entirely clear on whether the allegations regarding the strip search by a correctional officer and the delousing shower describe the same event or separate occurrences. The Supreme Court has observed, however, that "[c]orrectional officials have a significant interest in conducting a thorough search as a standard part of the intake process," in part due to "the danger of introducing lice or contagious infections." *Florence*, 132 S. Ct. at 1518.

7

proceed at this time. Plaintiff may amend this claim in a second amended complaint, however.

14. As Plaintiff may yet be able to amend her complaint to address the deficiencies noted by the Court, the Court once more shall grant Plaintiff leave to amend the complaint within 30 days of the date of this order.[5] However, this shall be Plaintiff's final opportunity to amend the complaint for screening purposes. If Plaintiff elects to amend a second time and the second amended complaint is insufficient to survive the Court's review under § 1915, the complaint will be dismissed with prejudice, meaning that Plaintiff will not be granted leave to amend a third time.

15. Plaintiff is reminded that when an amended complaint is filed, any previous complaints no longer perform any function in the case and cannot be utilized to cure defects in the amended complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the

---

[5] Plaintiff's first amended complaint was not filed within 30 days of the date of the Order dismissing the original complaint and therefore was not timely filed. Given that Plaintiff's amended complaint was filed 35 days late, the Court, in considering Plaintiff's amended complaint, has extended Plaintiff considerable leeway. Plaintiff is admonished, however, that she is to adhere to the Court's ordered deadlines and that such latitude may not be as freely granted in the future.

allegations in the prior complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself.[6] *Id.*

16. For the reasons stated above, the amended complaint is dismissed without prejudice for failure to state a claim. The Court will reopen the matter in the event Plaintiff files a second amended complaint within the time allotted by the Court.

17. An appropriate order follows.

**April 21, 2017**                        **s/ Jerome B. Simandle**
Date                                         JEROME B. SIMANDLE
                                                   Chief U.S. District Judge

---

[6] The second amended complaint shall be subject to screening prior to service.